IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>LELAND TODD BOOZER,<br><br>Defendant. | Case No. 3:17-cr-00216-AA-1<br>**OPINION AND ORDER** |

AIKEN, District Judge:

Defendant Leland Todd Boozer moves for a stay of the search of his computer and hard drives. He also seeks an evidentiary hearing and an order directing the government to produce discovery in connection with that hearing. For the reasons set forth below, the motion for a stay is denied because there is an insufficient risk that defendant will be irreparably harmed absent a stay. Defendant's requests for discovery and an evidentiary hearing remain pending. I will take those portions of defendant's motion under advisement after the government has had the opportunity to respond and defendant has had the opportunity to file a reply brief.

Page 1 – OPINION AND ORDER

The government[1] seized defendant's computer and hard drives from his home without a warrant on October 31, 2013. On November 8, 2013, the government obtained a warrant to search the seized materials. The forensic search of the computer and hard drives was not completed until two and a half years later, on May 31, 2016. More than a year after that, on September 13, 2017, defendant was indicted on child pornography charges. On November 28, 2017, Magistrate Judge Papak issued a warrant authorizing a second search of the same computer and hard drives seized in October 2013. Defs.' Mot. Stay Ex. 1 at 47–48. The warrant affidavit stated that a review of the case materials "revealed a number of deficiencies involving the execution of the original warrant" and that a new warrant and second search was necessary "[t]o cure the deficiencies." *Id.* at 93–94.

Defense counsel received a copy of the new warrant and supporting affidavit on December 1, 2017. On December 11, 2017, defendant filed the instant motion to stay execution of the second warrant, noting his intent to file a motion to suppress all evidence obtained from the seized computer and hard drives. Defendant also requests an evidentiary hearing and discovery in advance of that hearing. In a December 12, 2017, email to the Court, the government reported that the second search was already underway and had begun before defendant filed the motion for a stay. The government took the position that a district court judge lacks jurisdiction to stop an in-process search when a warrant authorizing that search has already issued.

I cannot accept the government's position that I lack jurisdiction to overturn a magistrate judge's probable cause determination. It is well-established that such determinations, though "accord[ed] great deference," are subject to review to ensure that there was a "substantial basis"

---

[1] Agents from various local, state, and federal agencies participated in the investigation, seizure, and search in this case.

to issue the warrant. *See, e.g., United States v. Hamilton*, 434 F. Supp. 2d 974, 984 (D. Or. 2006). Like other nondispositive pretrial decisions, the probable cause determination is reversible if it is clearly erroneous or contrary to law. *Id.*; *see also* 28 U.S.C. § 636(b)(1)(A). This authority should be exercised judiciously, particularly when a search is already in process. But a district court judge does not lose her authority to correct a grave injustice simply because a search has already begun.

Having established that I have jurisdiction to consider defendant's motion for a stay, I nonetheless conclude that a stay is not warranted here. In determining whether to grant a stay, courts consider "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Nken v. Holder*, 556 U.S. 418, 434 (2009). Defendant's theory is that both the first and second searches were fruit of the poisonous tree because no exception to the warrant requirement applied, rendering the seizure of the computer and hard drives illegal.

I am compelled to deny defendant's motion for a stay because he has not shown a likelihood of irreparable harm. Defendant argues that permitting the second search to continue will compound the unlawfulness of the original search by making it "more difficult to separate and identify the primary taint of the original unlawful search[.]" Def.'s Mot. Stay 29. But if defendant succeeds on his Fourth Amendment argument, then *all* evidence recovered via *either* search of the computer will be subject to suppression. I do not mean to diminish the seriousness of an alleged violation of the Fourth Amendment; an unconstitutional search does not magically become constitutional simply because it violates the same rights the government already

violated. But *Nken* requires not just harm, but *irreparable* harm. Because the remedy for a Fourth Amendment violation is to suppress all illegally obtained evidence, I cannot find that standard is met here.

Plaintiff's Motion for a Stay of Second Search, Request for Production of Witness Statements and Informant Identity (doc. 13) is DENIED IN PART as to the motion for a stay. The rest of plaintiff's motion, including his request for an evidentiary hearing, will be taken under advisement at the conclusion of the briefing schedule.

IT IS SO ORDERED.

Dated this 13th day of December 2017.

_____
Ann Aiken
United States District Judge